IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA WALTER, CHRISTOPHER BAYLESS and ERIC SCHUMACHER, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>HUGHES COMMUNICATIONS, INC., and HUGHES NETWORK SYSTEMS, LLC,<br><br>    Defendants. | Case No. 09-2136 SC<br><br>ORDER DENYING MOTION FOR <u>SETTLEMENT</u> |

Before the Court is a Motion for Preliminary Approval of Settlement and Conditional Class Certification, brought by Plaintiffs Tina Walter, Christopher Bayless, and Eric Schumacher ("Plaintiffs"). ECF No. 60 ("Mot.") Defendants Hughes Communications, Inc. and Hughes Network Systems, LLC ("Defendants") have joined in the Motion. ECF No. 64. In support of the Motion, Plaintiffs have filed the Settlement Agreement, Rosenberg Supp. Decl. Ex. 1 ("Settlement"), as well as the proposed claim form, Settlement Ex. A ("Claim Form"); long form settlement notice, Settlement Ex. B ("Long Form"); postcard notice, Settlement Ex. B2 ("Postcard"); and summary notice, Settlement Ex. B3 ("Summary

Notice").[1]  Plaintiffs also submit firm resumes of Plaintiffs' two lead counsel, Bramson, Plutzik, Mahler & Birkhaeuser LLP ("Bramson Plutzik") and Audet & Partners LLP ("Audet"), as evidence that they are adequate class counsel.  Rosenberg Decl. Exs. 3, 4.

Having reviewed the papers submitted, the Court finds that it cannot grant the relief requested without additional information.  Information fundamental to class certification and settlement, such as the size of the class and amount of the award, has not been provided.  The Court is surprised that experienced firms like Bramson Plutzik and Audet would make such a deficient showing on such a motion.

As such, Plaintiffs' Motion is DENIED.  The parties may renew this motion, and should they choose to do so, they are advised to provide the Court with information sufficient to make a rational ruling, including:

- An estimate of the size of the class, supported by appropriate evidence.

- An estimate of the total gross amount to be recovered by the class, supported by appropriate evidence.

- An estimate of the cost of administration and notice, supported by appropriate evidence.

- Evidence in support of Plaintiffs' threadbare assertion that the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3) are satisfied.

- Additional information on class notice.  The parties should

---

[1] Jennifer Rosenberg ("Rosenberg"), counsel for Plaintiffs filed a declaration in support of the Motion, ECF No. 61, which she later corrected in a supplemental declaration, ECF No. 66.

2

|   |   |
|---|---|
| 1 | provide detailed information on how they seek to provide |
| 2 | the best notice to the class practicable under the |
| 3 | circumstances.  The parties should estimate the number of |
| 4 | class members for whom a current mailing or e-mail address |
| 5 | is known, and support this estimate with appropriate |
| 6 | evidence.  The parties should provide estimates as to how |
| 7 | many class members will be notified via mail and e-mail, |
| 8 | and the method of mail delivery to be used (<u>e.g.</u>, first |
| 9 | class, first class presorted, or standard mail).  The |
| 10 | parties should provide details as to how they plan to |
| 11 | effect timely notice on class members for whom no current |
| 12 | contact information exists.  Furthermore, the parties |
| 13 | should ensure the notice and summary of notice, <u>in clear</u> |
| 14 | <u>and plain language</u>, communicates to class members their |
| 15 | rights and responsibilities under the proposed settlement. |

16  In addition, the Court notes that the release of liability
17  sought from the class is extremely broad.  While this does not
18  render the proposed settlement per se unfair, parties should ensure
19  that the notice documents adequately communicate to the class the
20  scope of the proposed liability release.
21  The Motion is DENIED.

23  IT IS SO ORDERED.

25  Dated: February 3, 2010    
26                             UNITED STATES DISTRICT JUDGE

3