William M. Audet (CA State Bar #117456)
waudet@audetlaw.com
Joshua C. Ezrin (CA State Bar #220157)
jezrin@audetlaw.com
AUDET & PARTNERS, LLP
221 Main Street, Suite 1460
San Francisco CA 94105
Telephone: (415) 568-2555
Facsimile: (415) 568-2556

Alan R. Plutzik (CA State Bar No. 077785)
aplutzik@bramsonplutzik.com
Jennifer S. Rosenberg (CA State Bar No. 121023)
jrosenberg@bramsonplutik.com
BRAMSON, PLUTZIK, MAHLER & BIRKHAEUSER, LLP
2125 Oak Grove Road, Suite 120
Walnut Creek, CA  95498
Telephone:  (925) 945-0200
Facsimile:  (925) 945-8792

Harris L. Pogust (PA Bar No. 52721)
hpogust@pbmattorneys.com
Derek T. Braslow (PA Bar No. 78994)
dbraslow@pbmattorneys.com
POGUST, BRASLOW & MILLROOD, LLC
161 Washington Street, Suite 1520
Conshohocken, PA  19428
Telephone:  (610) 941-4204
Facsimile:  (610) 941-4245

*Attorneys for Plaintiffs
and the Proposed Settlement Class*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TINA WALTER, CHRISTOPHER BAYLESS, and ERIC SCHUMACHER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HUGHES COMMUNICATIONS, INC. and HUGHES NETWORK SYSTEMS, LLC,<br><br>Defendants. | CASE NO.:  09-CV-02136 SC<br><br>[PROPOSED] **ORDER CONDITIONALLY CERTIFYING CLASS AND GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**<br><br>Judge:        Honorable Samuel Conti<br>Courtroom:  1 – 17th Floor |

Plaintiffs having filed a motion for an order granting preliminary approval of a Second Amended and Restated Stipulation of Settlement (the "Second Amended Settlement Agreement") entered into by Plaintiffs and Defendants Hughes Communications, Inc. and Hughes Network Systems, LLC (collectively, "Hughes"); Hughes having joined in support of the motion for approval; the Court having reviewed and considered the documents, evidence and arguments of counsel presented in support of said motion; the Court being fully advised and good cause appearing, and subject to final determination by the Court with respect to the fairness, reasonableness and adequacy of the settlement, the Court hereby finds and orders as follows:

1. The Second Amended Settlement Agreement and the settlement set forth therein are preliminarily approved as fair, reasonable and adequate, and in the best interests of the Settlement Class.

2. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of effectuating this settlement, a Settlement Class consistent with that defined in Sections 1.23 and 1.24 of the Second Amended Settlement Agreement:

> All persons and entities residing in the United States of America who, during any time between May 15, 2005 and March 2, 2012, were subscribers to any one of the one of the following satellite broadband internet service plans offered by Hughes: Hughes Home, Pro, Pro Plus, Small Office, Business Internet, Elite, ElitePlus, ElitePremium, Basic, Power 150, or Power 200 (together "Hughes Consumer Service Plans"). Excluded from this definition are Hughes Communications, Inc. and Hughes Network Systems, LLC, and any wholesaler, distributor, reseller, retailer, sales agent or dealer of Hughes' products or services; all of Hughes Communications, Inc.'s and Hughes Network Systems, LLC's past and present respective parents, subsidiaries, divisions, affiliates and persons and entities directly or indirectly under its or their control in the past or in the present; Hughes Communications, Inc.'s and Hughes Network Systems, LLC's respective assignors, predecessors, successors and assigns; and the past or present partners, shareholders, managers, members, directors, officers, employees, agents, attorneys, insurers, accountants and representatives of any and all of the foregoing, as well as any government entities. Also excluded from the Settlement Class are those persons who timely and validly request exclusion from the Settlement Class pursuant to the procedures set forth in Section 3.4 of the Second Amended Settlement Agreement.

3. With respect to the Settlement Class, this Court preliminarily finds, for purposes of effectuating this settlement, that (a) the members of the Settlement Class are so numerous that

---

1

[PROPOSED] ORDER RE PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT
CASE NO. 09-CV-02136 SC\\058224/000230 - 100016 V4

joinder of all Settlement Class Members in the class action is impracticable; (b) there are questions of law and fact common to the Settlement Class which predominate over any individual questions; (c) the claims of the Plaintiffs are typical of the claims of the Settlement Class; (d) the Plaintiffs and Plaintiffs' Counsel have fairly and adequately represented and protected the interests of all the Settlement Class Members; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of the separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by members of the Settlement Class; (iii) the desirability or undesirability of continuing the litigation of these claims in this particular forum; and (iv) the difficulties likely to be encountered in the management of the class action.

4.  The Court finds that the manner and content of the notice specified in the Second Amended Settlement Agreement and Exhibits (Exhibits B1, B2, B3, and B4 hereto) (together, the "Class Notice"), will provide the best practicable notice to members of the Settlement Class. Accordingly, Hughes shall provide or cause the Settlement Administrator to provide notice to the Settlement Class Members by: (a) causing the Summary Settlement Notice – Publication (attached hereto as Exhibit B4) to be published as a 1/8 page notice in two consecutive Mondays in USA Today, with Hughes paying the cost of such publication; (b) causing to be sent to Settlement Class Members email notice attaching the Long Form Settlement Notice (attached hereto as Exhibit B1), to such Settlement Class Member's email address as is available and reflected in Hughes' subscriber account records, (c) causing the Summary Settlement Notice – Post Card Only (attached hereto as Exhibit B2) to be sent, via U.S. mail, to the mailing address (as reflected and available in Hughes' subscriber account records, or in the address search conducted by the Settlement Administrator) of Settlement Class Members who as of the Preliminary Approval Date are current subscribers to any of the Hughes Consumer Service Plans; (d) causing the Summary Settlement Notice – Post Card with Claim Form (attached hereto as Exhibit B3), to be sent, via U.S. mail, to the mailing address (as reflected and available in Hughes' subscriber account records, or in the address search conducted by the Settlement Administrator) of Settlement Class Members who as of

the Preliminary Approval Date are no longer subscribers to any of the Hughes Consumer Service Plans; and (e) causing to be posted on the Settlement Website the Summary Settlement Notice – Publication (attached hereto as Exhibit B4), the Long Form Settlement Notice (attached hereto as Exhibit B1), the Claim Form (attached hereto as Exhibit A2), the on-line claims processing system including the Claim Form (attached hereto as Exhibit A1), the Second Amended Settlement Agreement (excluding exhibits) and the Court's order granting Preliminary Approval.  The costs and expenses of such notice shall be paid by Hughes.  Hughes shall use commercially reasonable efforts to cause dissemination of notice by the Settlement Administrator to be completed within ninety (90) days of Preliminary Approval, and Hughes shall submit to the Court, at least seven (7) calendar days prior to the final approval hearing, a certification of compliance with the notice requirements set forth herein.  The Court authorizes the parties to make minor revisions to the Class Notice as they may jointly deem necessary or appropriate, without the necessity of further Court action or approval.

     5.     A final approval hearing shall be held by this Court to consider and finally determine:

     a.     Whether the Second Amended Settlement Agreement should be finally approved as fair, reasonable and adequate, and in the best interests of the Settlement Class;

     b.     Whether and in what amount attorneys' fees, costs and expenses should be awarded to Plaintiffs' Counsel, as referenced in Section 2.16 of the Second Amended Settlement Agreement; and

     c.     The merits of any objections to the Second Amended Settlement Agreement and the settlement set forth therein, or any of its terms.

The final approval hearing described in this paragraph may be postponed, adjourned, or continued by order of the Court without further notice to the Settlement Class.

     6.     Any member of the Settlement Class who does not timely and properly request exclusion, and who objects to approval of the proposed settlement in compliance with the requirements of the Second Amended Settlement Agreement, may appear at the final approval hearing in person or through counsel to show cause why the proposed settlement should not be

3

approved as fair, reasonable, and adequate.

7. Any member of the Settlement Class who does not request exclusion, and who seeks to intervene in the Action in compliance with the requirements of the Second Amended Settlement Agreement, may timely file and serve a motion to intervene in accordance with applicable law.

8. However, no person (other than representatives of the named parties) may be heard at the final approval hearing, or file papers or briefs, unless on or before the date set forth in the Class Notice, such person files with the Clerk of the Court and serves on counsel for the Settlement Class and Defendants' Counsel a timely written objection and notice of intent to appear, in accordance with the procedures specified in the Long Form Settlement Notice and applicable law. Any member of the Settlement Class who does not make his, her or its objection to the settlement or request for intervention in such manner shall be deemed to have waived such objection or right to intervene for purposes of appeal, collateral attack or otherwise.

9. The publication and dissemination of the Class Notice, as directed by this Order, constitutes the best notice practicable under the circumstances and sufficient notice to all members of the Settlement Class. The contents of the Class Notice and the manner of its dissemination satisfy the requirements of Federal Rule of Procedure 23, and any other applicable state or federal due process.

10. If the Second Amended Settlement Agreement is finally approved, the Court shall enter a Settlement Order and Judgment approving the Second Amended Settlement Agreement, within the meaning of and for purposes of Section 3.3 of the Second Amended Settlement Agreement. Said Settlement Order and Judgment shall be fully binding with respect to all members of the Settlement Class, in accordance with the terms of the Second Amended Settlement Agreement.

11. All discovery, pleading, responses to pleadings, and other pretrial proceedings in this Action are stayed and suspended until further order of this Court, except as otherwise agreed to by the parties or as may be necessary to implement the Second Amended Settlement Agreement or this Order.

12. In the event that the proposed settlement as provided in the Second Amended

4

1 Settlement Agreement is not approved by the Court, or entry of a Settlement Order and Judgment as
2 provided in the Second Amended Settlement Agreement does not occur for any reason, or the
3 Settlement Order and Judgment does not become final, binding and nonappealable, then the Second
4 Amended Settlement Agreement, all drafts, negotiations, discussions, and documentation relating
5 thereto, and all orders entered by the Court in connection therewith shall become null and void. In
6 such event, the Second Amended Settlement Agreement and all negotiations and proceedings
7 relating thereto shall be withdrawn without prejudice to the rights of any and all parties thereto,
8 who shall be restored to their respective positions as of the date of the execution of the Second
9 Amended Settlement Agreement.

10     13. The dates of performance of this Order are as follows:

11     a. The class notice shall be published and disseminated by publication, website
12 posting, and e-mail in accordance with the provisions of Section 3.2 of the Second Amended
13 Settlement Agreement. The parties shall use reasonable efforts to cause such publication and
14 dissemination to be completed within ninety (90) days of the entry of this Order.

15     b. All claims must be mailed (postmarked) pursuant to Section 2.8 of the
16 Second Amended Settlement Agreement within one hundred twenty (120) days after the
17 completion of Class Notice. Hughes shall promptly notify Plaintiffs' Counsel when Class Notice is
18 completed.

19     c. Objections to the settlement, requests for intervention and notices of intent to
20 appear at the final approval hearing shall be deemed timely only if submitted to the Settlement
21 Administrator, in the case of objections and notices of intent to appear, or filed with the Court and
22 served on counsel for the parties, in the case of requests for intervention, no later than forty-five
23 (45) calendar days after the completion of Class Notice.

24     d. At least seven (7) calendar days prior to the final approval hearing, Hughes
25 and Plaintiffs' Counsel jointly shall prepare or cause the Settlement Administrator to prepare, and
26 Plaintiffs' Counsel shall file with the Court, a list of class members who have filed timely requests
27 for exclusion from the Settlement Class.

28     e. Plaintiffs' Counsel shall file and serve papers in support of final approval of

5

the settlement, responding to any objections or motions to intervene, and requesting attorneys' fees, costs and expenses at least fourteen (14) calendar days prior to the final approval hearing.

        f.      Hughes shall file papers, if any, in support of final approval of the settlement and responding to any objections or motions to intervene at least seven (7) calendar days prior to the final approval hearing.

        g.      At least seven (7) calendar days prior to the final approval hearing, Hughes shall submit to the Court a certification of compliance with the notice requirements set forth in the Second Amended Settlement Agreement and this Order.

        h.      The final approval hearing shall be held on November 16, 2012 at 10:00 a.m. in Courtroom 1 - 17th Floor, 450 Golden Gate Avenue, San Francisco, California.

    14.    For purposes of the Settlement preliminarily approved by this Order, Plaintiffs' Counsel are appointed counsel for the Settlement Class, and Christopher Bayless, Tina Walter and Eric Schumacher are appointed Settlement Class representatives.

DATED: March 2, 2012                _____
                                            Hon. Samuel Conti
                                            United States District Judge